JUSTICE WHEAT,
dissenting.
¶30 I dissent from the Court’s decision to affirm the grants of summary judgment to Anderson and Springer because I believe the School District’s evidence regarding when its cause of action accrued presented a genuine issue of material fact which precluded summary judgment. I would reverse and remand.
¶31 The District Court expressly found that from 1997, when the school roof project was initiated “to stop the immediate leaking” of the existing roof, through 2003, the School District repeatedly reported problems with the new roof to Anderson and Springer, including that the roof leaked, lost shingles and flashing, and at one point a portion of the roof had separated from the wall. The court also noted that the School District advised the contractor and architect that the roof system had crooked and inadequate horizontal and vertical support beams and that some beams were detached from the floor. Anderson and Springer responded by performing certain repairs, but rejected other complaints, assuring the School District that the beams were sufficient to support the roof and needed no further repair. A certificate of completion was never issued by Springer or Anderson. The School District continued to endure problems with the roof until its 2010 *232 collapse.
¶32 As discussed in the majority Opinion, in reaching its decision, the District Court relied on the statutory definition of “completion” which means “that degree of completion at which the owner can utilize the improvement for the purpose for which it was intended or when a completion certificate is executed, whichever is earlier.” Section 27-2-208(4)(a), MCA. The court explained: “[T]he purpose of the roofing project in this case is to shelter the building’s occupants and its contents from the elements.” The District Court concluded that the project satisfied this intended purpose in 1998 thereby rendering the School District’s 2011 complaint untimely under the “10 years after completion” statute of repose. Section 27-2-208(1), MCA.
¶33 The record reveals that the School District notified Springer in a 1998 letter that the roof was leaking “as badly as it always did” and it was “raining under the vestibule.” Again, in 1999, the School District alerted Springer that the vestibule roof continued to heavily leak during any rain. The School District presented evidence that to control the leaking water from the ineffective roof construction and protect the building and its contents from further damage, the School District had specially-made gutters installed to direct the rain water to a sump pump-controlled barrel. Furthermore, the school placed multiple trash cans and buckets throughout the school to catch the rain leaking from the roof but nonetheless experienced water damage to the building and its contents. I proffer that a jury could conclude that (1) a leaking vestibule was unusable for its intended purpose, i.e., to shelter people from rain and other elements, and (2) a building owner that must place containers throughout a building to capture leaking rain water but still experiences damages is not utilizing a roof “for the purpose for which it is intended.”
¶34 The School District also presented evidence that the contractor and architect were advised by the project engineer that additional strap bracing was required to support the new roof (which was built above the original roof) but neither Anderson nor Springer installed the required bracing which, as argued by the School District, caused the roof to collapse. Notably, the School District did not learn that strap bracing was required but not installed until the post-roof collapse investigation in 2010. Under these facts, a jury could find that failure to perform a critical step in the construction of a new roof renders the project incomplete.
¶35 Based upon the evidence presented, a jury reasonably could conclude that the statute of limitations did not begin to run until *233 discovery of the absent strap bracing in 2010 or that the statute of repose began to run in 2003 when the School District ceased its efforts to have Anderson and Springer continue with their ineffectual work on the roof. As such, the School District’s action may not be time-barred.
¶36 Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3). Here, there is a genuine question as to when the School District’s cause of action accrued. When there is conflicting evidence as to when a cause of action accrued, the question of whether an action is barred by the statute of limitations is for the jury to decide. Nelson v. Nelson, 2002 MT 151, ¶ 24, 310 Mont. 329, 50 P.3d 139; N. Cheyenne Tribe v. Roman Catholic Church, 2013 MT 24, ¶ 46, 368 Mont. 330, 296 P.3d 450. This principle applies to questions of material fact vis-a-vis the statute of repose, as well.
¶37 Additionally, it is well-established that in resolving a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences are to be drawn in favor of the party opposing summary judgment. Harrington v. Crystal Bar, Inc., 2013 MT 209, ¶ 9, 371 Mont. 165, 306 P.3d 342. In the case before us, I believe the court failed to view the evidence as to when the School District’s cause of action accrued in the light most favorable to the School District.
¶38 Lastly, we have repeatedly held that “Summary judgment is an extreme remedy that should never be a substitute for a trial on the merits if a controversy exists over a material fact.” Harrington, ¶ 10; N. Cheyenne Tribe, ¶ 21.
¶39 For these reasons, I would reverse the District Court and remand for a trial to determine when the School District’s cause of action accrued and whether the statutes of limitation and repose bar its claim. I respectfully dissent from the Court’s failure to do so.